IG. ROTH, Inc., v. ROSENTHAL.

(Supreme Court, Appellate Division, First Department.    December 31, 1913.)

APPEAL AND ERROR (§ 1243*)—ACTION ON APPEAL BOND—TIME OF BRINGING ACTION.

Under Code Civ. Proc. § 1309, providing that, where an appeal to the Court of Appeals is perfected and security given to stay execution of the judgment appealed, an action shall not be maintained upon the undertaking given upon the preceding appeal until after final determination of the appeal to the Court of Appeals, a defendant, who appealed to the Appellate Division from an adverse judgment and gave an undertaking on appeal executed by a bonding company which he indemnified, could restrain the plaintiff from maintaining an action on the undertaking pending defendant's appeal to the Court of Appeals; plaintiff being financially irresponsible, so that defendant could not be reimbursed for any amount recovered by her in the action on the undertaking if he was finally successful.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 47, 96; Dec. Dig. § 1243.*]

Appeal from Special Term, New York County.

Action by Ig. Roth, Incorporated, against Rebecca Rosenthal. From an order denying an application for an injunction to restrain defendant from prosecuting an action on an undertaking pending the determination of the appeal, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Alfred B. Nathan, of New York City, for appellant.
Franklin Taylor, of New York City, for respondent.

DOWLING, J. Rebecca Rosenthal commenced an action in September, 1909, in the Supreme Court of Westchester County, against Ig. Roth, Inc., to recover on a check for $500. Plaintiff recovered a judgment from which an appeal was taken to the Appellate Division, and on such appeal an undertaking was given by the American Bonding Company in the sum of $578.34. The judgment was affirmed July 25, 1913, and the judgment of affirmance thereon duly entered July 31, 1913. On September 19, 1913, Rebecca Rosenthal commenced

an action in the City Court of New York against the American Bonding Company of Baltimore, upon its undertaking aforesaid, to recover the amount of said judgment. On September 25, 1913, before the time to answer in the City Court had expired, Ig. Roth, Inc., duly took an appeal to the Court of Appeals from the judgment, and furnished to the plaintiff in the Westchester county suit an undertaking perfecting the appeal and providing, among other things, for the payment of the judgment as affirmed, if the Court of Appeals should affirm the same.

The plaintiff herein has commenced this action to prevent Rebecca Rosenthal from further prosecuting the City Court suit and obtaining judgment therein against the American Bonding Company, on the ground that he indemnified said company from any damage accruing to it from said undertaking, and that, if Rebecca Rosenthal should obtain the payment of any judgment recovered by her in the City Court action as she is financially irresponsible, he never would be able to reimburse himself for the sum which he would thus be obliged to pay under his indemnity to the bonding company.

We are of the opinion that sufficient facts were shown to justify the granting of a temporary injunction. Section 1309, Code Civ. Proc., provides as follows:

"* * * Where an appeal to the Court of Appeals from that judgment or order is perfected, and security is given thereupon, to stay the execution of the judgment or order appealed from, an action shall not be maintained upon the undertaking, given upon the preceding appeal, until after the final determination of the appeal to the Court of Appeals."

The undertaking herein complies with this provision of the Code, and the plaintiff therefore has the right to have any action upon the undertaking stayed until the Court of Appeals shall finally pass upon the judgment now on appeal before it.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion for an injunction pendente lite granted, with $10 costs. All concur.